**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TONYA BRIDGES**                                                 **CIVIL ACTION**

**VERSUS**                                                        **NO. 12-1755**

**MUSTAFA KAN M/V, ET AL.**                                       **SECTION "K" (3)**

**ORDER**

On January 22, 2015, at the settlement conference in the above-captioned lawsuit, Plaintiff's Motion for Leave to Propound Written Interrogatories in Excess of Twenty Five [Doc. #50] came on for oral hearing before the undersigned. For the following reasons, the Court grants the motion in part.

Plaintiffs seek leave to propound their Second Set of Interrogatories on defendants. They argue that the interrogatories address issues raised by defendants' responses to their requests for admission. Plaintiffs maintain that the extra interrogatories are necessary given the logistical issues presented by defendants' location outside of the United States.

Defendants oppose plaintiffs' request to propound an additional 49 interrogatories and 50 requests for production. They note that plaintiffs have already propounded 25 interrogatories, 67 requests for production, and 49 requests for admission. They maintain that much of the requested discovery is repetitive of what plaintiffs already sent. Defendants contend that no one will ever know what happened here as there were no witnesses to the decedent's accident. Even if they could

determine what happened, they maintain that it will not be discovered by propounding discovery as to whether defendants agree with the OSHA investigator, whether a corrective action report was prepared, and which IMO regulations apply to the vessel.  Defendants maintain that settlement is proper here.

Unless otherwise stipulated or ordered by the court, a party may serve no more than twenty five (25) written interrogatories, including discrete subparts, upon another party. Fed. R. Civ. P. 33(a)(1). The purpose of the rule is not to prevent discovery, but to prevent the excessive use of a particular discovery device. *Estate of Manship v. United States*, 232 F.R.D. 552, 554 n.1 (M.D. La. 2005).

A review of the 49 interrogatories reveals that each one is based on the denial or admission of each of the 49 requests for admission.  In short, plaintiffs seek the underlying factual support for each admission or denial.  While the requests are reasonably calculated to lead to the discovery of admissible evidence, many of them also appear to be similar and repetitive and oppressive and burdensome, especially given defendants' foreign location and the fact that the vessel has not yet returned to this country.  Nonetheless, the Court finds that plaintiffs are entitled to propound additional interrogatories, yet not as many as they seek to propound.  The Court will allow plaintiffs to propound an additional 20 interrogatories.

There is nothing that the Court can do with regard to the requests for production as there is no limit on the amount of requests for production that a party may propound.  If defendants want to file a motion to quash, they may do so.   Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Propound Written Interrogatories in Excess of Twenty Five [Doc. #50] is GRANTED IN PART as outlined above.

New Orleans, Louisiana, this 26th day of January, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**